## WILLIAM WALLIS *et al.*

*v.*

## WILLIAM F. KEENEY.

1. MEASURE OF DAMAGES—*on capias bond.* In a suit upon a bond, given in a suit commenced by a *capias*, conditioned to prosecute the *capias* with effect and without delay, it is only such special damages as may be incurred in setting aside the writ as are recoverable beyond mere nominal damages.

2. In a suit upon a *capias* bond, where the defendant is not imprisoned but gives bail, and when no steps are taken to set aside the writ, or discharge from bail, and the plaintiff fails to succeed in his suit, upon the same defense as if the suit had been brought by summons, nothing more than nominal damages can be recovered.

APPEAL from the Circuit Court of Ford county.

This was a suit brought by appellee, against appellants, upon a bond executed by them as sureties, and Amasa Martin as principal, on the suing out by the latter from the circuit court of Kankakee county of a writ of *capias ad respondendum* against the appellee. Upon a trial by the court below, without a jury, the plaintiff recovered a judgment for $594 damages, and the defendants appealed.

The bond was given under section 3, p. 179, Rev. Stat. 1874, which provides that the officer ordering the issuing of such

*capias* shall require bond, etc., "conditioned that the plaintiff shall prosecute the *capias* with effect and without delay, and pay the defendant all costs and damages that may be sustained by the wrongful suing out such *capias.*" Such was the condition of the bond here. Section 2 of the act requires that in actions sounding merely in damages, as was the one wherein this writ issued, the affidavit to be made upon the commencement of the suit, "shall set forth the nature and cause of the action, with the substantial or chief facts in relation thereto, and that the affiant verily believes that the benefit of whatever judgment may be obtained will be in danger of being lost unless the defendant is held to bail," etc.

· Section 9 provides that the court in term time, or the judge in vacation, may, on application, discharge the defendant from arrest for insufficiency of the affidavit, or because the facts stated therein are not true, or other good cause which would entitle him to be discharged upon *habeas corpus,* or in case he has given bail, may discharge the same; and by section 10, in case of a discharge of the defendant, or his bail, the *capias* shall stand as a summons.

In the suit of Martin against appellee, in which the *capias* issued, a declaration was filed, issue joined, and a trial had upon the merits of the cause, which resulted in a verdict for the defendant of not guilty, and there was a judgment in his favor for costs, which were paid before this suit was brought. The *capias* was never quashed and no motion or application was ever made for that purpose, and no services as counsel ever rendered for such purpose.

No damages are claimed in this suit for the arrest, upon the *capias* in the former suit, appellee having immediately given bail upon service of the writ. The court below, in its finding in the present case, gave the items of which the damages were composed; they being, reporter's fee $10; fee for going into another State and attending upon the cross-examination of a witness in the taking of his deposition, $75; attorney's fees, $500.

Mr. T. P. BONFIELD, and Mr. JAMES N. ORR, for the appellants.

Mr. STEPHEN R. MOORE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The damages which were recovered in this case were the expenses which were incurred in defending against the suit brought by Martin, against the appellee, in which the *capias* was issued, and were the very same, none other or different than they would have been had that suit been commenced by a summons, instead of by the writ of *capias ad respondendum.* The condition of the bond was not to prosecute the *suit* with effect and without delay, and to pay the defendant all costs and damages that might be sustained by the wrongful institution and prosecution of the *suit,* but to prosecute the *capias* with effect and without delay, and to pay the defendant all costs and damages that might be sustained by the wrongful suing out such *capias.* It is not the legal rule to exact bond and security for the successful prosecution of suits, or for the indemnity of defendants against damages for the wrongful instituting and prosecution of suits, but only in the case of particular writs, which are calculated to work injury in their execution, as, the writ of attachment, injunction, replevin, and the writ of *capias ad respondendum* where the body is taken and imprisoned, are bonds required to indemnify against damages.

The suing out and service of a writ of *capias ad respondendum* may occasion great damage to a defendant by reason of the particular character of the writ itself, and, as we conceive, it is such special damage from the kind of the writ, and that which might be incurred in the setting aside of such a writ, that the bond indemnifies against, and not against expenses incurred in the general defense against the cause of action upon its merits without any reference to the writ, and being

only the very same as would have been incurred had the suit been commenced by a summons instead of by a *capias.*

The language of the condition of the bond respects the writ itself, and not the suit, and the damages contemplated are those, we think, which respect the *writ,* in contradistinction from the *suit.* The damages recovered here were not sustained by the wrongful suing out of the *capias,* but by the wrongful institution and prosecution of the suit. Had the suit been commenced by a summons, instead of a *capias,* these damages would have been just the same, the kind of writ by which the suit was commenced making no difference in regard to them, and there is no sound reason why these damages should be given any more than they should if the suit had been commenced by summons.

The damages here given, we are of opinion, are not recoverable, and we see from the evidence no ground of recovery for at least more than nominal damages, perhaps, for breach of the condition in not prosecuting the *capias* with effect.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*